DUPRIS, C.J.
PROCEDURAL SUMMARY
At a pre-trial hearing on January 3, 2011, the trial judge told Appellant that any more motions to continue the jury trial set in this matter would be considered by the Court to be a waiver of Appellant’s right to a jury trial. It is clear from the record that Appellant has not explicitly waived his right to a jury trial. On January 13, 2011 the judge ruled he waived his right to a jury trial by requesting another continuance of the jury trial set on that day. The judge further found that it was in the best interests of judicial economy to set the matter for a judge trial. Appellant filed a timely appeal on the issue of denying him a jury trial. For reasons below we reverse and remand.
ISSUE
Did the Trial Court err in denying Appellant a right to a jury trial because of judicial economy, based on the Judge’s instruction at pre-trial that any further motions to continue would be considered a waiver of a right to a jury trial?
STANDARD OF REVIEW
The issue before this Court is a question of law which we review de novo. Colville Confederated Tribes v. Naff, 2 CCAR 50, 2 CTCR 08, 22 ILR 6032 (1995).
DISCUSSION
The record shows that there have been several continuances granted for the jury trial set in this case, extending the time from arraignment in 2009 to the present. On the day of the latest jury trial set, January 13, 2011, Appellant’s spokesman informed the Court that his client was unable to get out of Inchelium, Washington in time for the trial because of the snowy conditions where he lived. He asked for a two-hour continuance in order to allow him time to appear.
The Judge denied the request for a two-hour continuance and had the trial reset on the calendar for a judge trial. The Judge ruled that Appellant waived his right to a jury trial because he had been instructed at the pre-trial hearing on January 3, 2011 that any further requests for continuances would result in the matter being set for a judge trial and not a jury trial. The Judge reasoned Appellant was aware of this condition. He reasoned further that it was in the best interests of justice to set the judge trial instead of a jury trial under the circumstances of the case.
*211 We recognize that undue delays and multiple continuances of a jury trial can impact a court’s calendar and attendant expenses. We do not agree, however, that such considerations outweigh a person’s substantive right to a jury trial. It is settled law in this jurisdiction that any waiver of a jury trial must be voluntary, knowingly made, and specific. See, e.g,, Thomas v. CCT, 1 CCAR 135 (1990); Laramie v. CCT, 3 CCAR 1, 22 1LR 6072 (1995).
Our laws guarantee a right to a trial by a jury. CTC, sections l-5-2(j) and 2-1-173. A right to a jury trial is considered a fundamental right which cannot be dispensed with by a judge as a punishment for asking for continuances. See Laramie v. CCT, supra.
We urge our visiting judges to familiarize themselves with our caselaw in order to answer the legal questions in their cases appropriately. There is nothing in the record to indicate an exception to our law which guarantees a jury trial absent a voluntary, knowing and specific waiver of the right. It is the trial judge’s responsibility to know the law and to manage the case accordingly.
For the reasons stated above we REVERSE and REMAND for a jury trial. It is so Ordered.